# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: December 15, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| ANNA PUNSWICK, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-1318V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for a Decision |
| AND HUMAN SERVICES, | * | Dismissing Her Petition; Human |
| | * | Papillomavirus ("HPV") Vaccine; |
| Respondent. | * | Influenza ("Flu") Vaccine; Chronic |
| | * | Headaches; Dysautonomia; Small Fiber |
| * * * * * * * * * * * * * * * * * * | | Neuropathy; Amplified Pain Syndrome. |

Mark Theodore Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
Emilie Williams, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On August 29, 2019, Anna Punswick ("Petitioner")[2] filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[3] alleging that as a result of a human papillomavirus ("HPV") vaccine and an influenza ("flu") vaccine administered on October 3, 2016, she suffered "vaccine-induced chronic headaches, dysautonomia, small fiber neuropathy and amplified pain syndrome." Petition at Preamble (ECF No. 1). The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] This matter was originally filed by Petitioner's parents.

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On December 14, 2022, Petitioner moved for a decision dismissing her case, stating that she "understands that a decision by the Special Master dismissing her petition will result in judgment against her" and she "has been advised that such a judgment will end all of her rights in the Vaccine Program." Petitioner's Motion for Decision Dismissing Petition, filed Dec. 14, 2022, at 1 (ECF No. 64). Petitioner's counsel has contacted Respondent's counsel regarding Respondent's position on this motion and understands that Respondent expressly reserves the right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of her claim and to oppose, if appropriate, her application for costs. Id. Respondent otherwise does not oppose this motion. Id. Petitioner states that she intends to protect her right to file a civil action and to elect to reject the Vaccine Program judgment to file a civil action. Id. at 2.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 11(c)(1), 13(a)(1)(A). The records submitted by Petitioner show that she does not meet the statutory requirement under 42 U.S.C. § 300aa-11(c)(1)(D)(i) to establish entitlement to compensation. The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program." Black v. Sec'y of Health & Human Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of Petitioner's motion and a review of the record, the undersigned finds that Petitioner is not entitled to compensation. **Thus, this case is dismissed. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master
