# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 27, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ANNA PUNSWICK, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-1318V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorney's Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

Mark T. Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
Emilie Williams, U.S. Department of Justice, Washington, D.C., for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On August 29, 2019, Anna Punswick ("Petitioner")[2] filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[3] alleging that as a result of a human papillomavirus ("HPV") vaccine and an influenza ("flu") vaccine

---

[1] This Decision will be posted on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018).  **This means the Decision will be available to anyone with access to the internet.**  As provided by 44 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information.  Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise the whole decision will be available to the public in its current form.  Id.

[2] This matter was originally filed by Petitioner's parents.

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

administered on October 3, 2016, she suffered "vaccine-induced chronic headaches, dysautonomia, small fiber neuropathy and amplified pain syndrome." Petition at Preamble (ECF No. 1). On December 15, 2022, the undersigned issued a decision dismissing the petition. Decision dated Dec. 15, 2022 (ECF No. 65).

On April 11, 2023, Petitioner filed an application for attorney's fees and costs. Motion for Attorney Fees and Costs ("Pet. Mot."), filed Apr. 11, 2023 (ECF No. 69). Petitioner requests compensation in the amount of $74,888.64, representing $39,998.83 in attorney's fees and $34,889.81 in attorney's costs. Id. at 4; Pet. Mot., Exhibit ("Ex.") A at 21-22. Respondent did not file a response by the court-imposed deadline. Petitioner filed a reply on April 27, 2023, reiterating the requested attorney's fees and costs. Pet. Reply to Pet. Mot., filed Apr. 27, 2023 (ECF No. 70). The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of $71,788.64.

### I. DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorney's fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, although the petition was eventually dismissed, the undersigned is satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, Petitioner is entitled to a final award of reasonable attorney's fees and costs.

#### a. Reasonable Attorney's Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her]

2

experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel, Mr. Mark Sadaka: $376.38 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, $444.00 per hour for work performed in 2021, $458.00 per hour for work performed in 2022, and $482.00 per hour for work performed in 2023. Pet. Mot. at 4. These rates are consistent with what Mr. Sadaka has previously been awarded for his Vaccine Program work. The undersigned also finds the paralegal rates consistent with prior Vaccine Program work. The undersigned finds the requested rates to be reasonable herein.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468, at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorney's fees of $39,998.83.

b.  **Attorney's Costs**

Petitioner requests a total of $34,889.81 in attorney's costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and expert costs. Pet. Mot., Ex. B. The undersigned has reviewed the requested costs and finds them to be mostly reasonable and supported with appropriate documentation.

However, she must deduce costs related to Dr. Akbari. Petitioner requests a rare of $550.00 per hour for Dr. Akbari. However, Dr. Akbari has consistently been awarded a rate of $500.00 per hour for his work in the Program. See Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *4 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); Bristow v. Sec'y of Health & Hum. Servs., No. 19-457V, 2022 WL 17821111 (Fed. Cl. Spec. Mstr. Nov. 15, 2022) (listing cases in which Dr. Akbari has been awarded $500.00 per hour); Walters v. Sec'y of Health & Hum. Servs., No. 15-1380V, 2022 WL 1077311 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (same). Moreover, the undersigned has previously found that $550.00 per hour is excessive for Dr. Akbari's work, instead compensating him at $500.00 per hour. Carroll ex rel. J.W. v. Sec'y of Health & Hum. Servs., No. 19-1125V, 2023 WL 2771034, at *5-6 (Fed. Cl. Spec. Mstr. Apr. 4, 2023); Wolf v. Sec'y of Health & Hum. Servs., No. 17-308V, 2022 WL 10075190, at *3 (Fed. Cl. Spec. Mstr. Sept. 28, 2022); M.M. v. Sec'y of Health & Hum. Servs., No. 18-583V, 2022 WL 2070714, at *3 (Fed. Cl. Spec. Mstr. June 9, 2022); Price v. Sec'y of Health & Hum. Servs., No. 18-1472V, 2020 WL 3866890, at *3 (Fed. Cl. Spec. Mstr. June 15, 2020). Therefore, the amount awarded for Dr. Akbari will be reduced to conform with a $500.00 rate. This results in a reduction of $3,100.00.

II.  **CONCLUSION**

Based on all of the above, the undersigned finds that it is reasonable compensate Petitioner and her counsel as follows:

| Attorney's Fees Requested | $39,998.83 |
|---|---|
| (Total Reduction from Billing Hours) | - |
| **Total Attorney's Fees Awarded** | **$39,998.83** |
|  |  |
| Attorney's Costs Requested | $34,889.81 |
| (Reduction of Costs) | - $3,100.00 |
| **Total Attorney's Costs Awarded** | **$31,789.81** |
|  |  |
| **Total Attorney's Fees and Costs Awarded** | **$71,788.64** |

**Accordingly, the undersigned awards a lump sum in the amount of $71,788.64, representing reimbursement for Petitioner's attorney's fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Mark Sadaka.**

4

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.